LIBRARY BUREAU *vs.* LOTHROP PUBLISHING COMPANY.

Suffolk.  November 21, 22, 1901. — January 4, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract,* Construction.  *Landlord and Tenant.*

A written lease contained the clause " The lessee agrees to pay extra for steam heat at the rate of forty cents per foot of radiating surface yearly."  After the making of the lease, the lessee took out some of the radiators, and contended, that he was bound to pay only for the amount of radiating surface actually used by him, or at any rate only for such amount as was reasonably necessary. *Held,* that the lessee had agreed to pay for the number of feet of radiating surface on the premises when the lease was made, whether he used the whole of it or not, and whether or not all of it was reasonably necessary.

CONTRACT for furnishing steam heat under a contract contained in a lease.  Writ dated September 20, 1900.

In the Superior Court, the case was heard upon agreed facts by *Bishop,* J. The clause sued upon is stated by the court. It was agreed, that the plaintiff at all times had been ready to furnish to the defendant steam heat sufficient for the one thousand and seventy-seven feet of radiating surface which existed upon the premises at the time of the making of the lease and the entering into possession by the defendant; and, if it was entitled to charge therefor forty cents per foot, that the total amount chargeable at the end of the heating season of 1899–1900 was $910.50, of which amount the defendant had paid $248.90, leaving a balance due to the plaintiff of $661.60. On the contrary, if the contention of the defendant was correct, that it was only to pay on the amount of radiating surface actually used by it, and which it was agreed was but five hundred feet, then the total amount chargeable for steam heat at the end of the season was $425, of which amount the defendant had paid $248.90, leaving a balance due of $176.10.

Against the objection of the plaintiff, the judge admitted *de bene* evidence offered by the defendant, to show that the amount of radiating surface reasonably necessary to heat the leased premises was the amount actually used by the defendant and that before the defendant took out some of the radiators the heat was excessive. Later, on motion of the plaintiff, the judge excluded this evidence as inadmissible under the contract between the parties.

The judge found for the plaintiff in the sum of $683.10, the larger sum named in the agreed facts with interest; and the defendant alleged exceptions.

*S. H. Tyng,* for the defendant.

*C. T. Russell & A. H. Russell,* for the plaintiff.

LATHROP, J. The question in this case is a narrow one. The plaintiff, being the lessee of an entire building, sublet a part of it to the defendant by a written lease containing the following clause: " The lessee agrees to pay extra for steam heat at the rate of forty cents per foot of radiating surface yearly." It is agreed that the word " extra " means in addition to the rent reserved in the lease. It is also agreed that when the lease was made and when the defendant entered upon the premises, there were one thousand and seventy-seven square

feet of radiating surface; and the plaintiff seeks to recover at this rate. The defendant has removed several of the radiators, and contends that it is liable to pay only for so much radiating surface as is reasonably necessary to heat the building.

We are of opinion that the plaintiff's contention is the correct one. The terms of the contract are very plain and explicit. The sum is to be paid yearly, although of course during a portion of the year no steam heat would be necessary. The rate per foot is fixed, and what the radiating surface was when the lease was made was capable of computation. The lessee might use the whole radiating surface or as much as it saw fit, but under the agreement it must be held to pay for the entire radiating surface.

The evidence as to the amount of radiating surface reasonably necessary to heat the building was, therefore, properly excluded.

*Exceptions overruled.*